LAW OFFICES OF PETER C. LUCAS, LLC
725 Carol Avenue
Post Office Box 490
Oakhurst, New Jersey 07755-0490
P (732) 663-9100
F (732) 663-0029

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Pierre H. Simon,
     Plaintiff,

v.

SHORE CAB, LLC, AFZAL MOHAMED,
Individually and in his official capacity;
MUSTAQ MOHAMED, individually and in
his official capacity; MOHAMMED KHAN,
individually and in his official capacity

     Defendants.

Civil Action No.3:13-CV-06290-FLW-LHG

**BRIEF IN SUPPORT OF DEFENDANTS MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P 12(B)(6)**

3

## Table of Contents

| | | |
|---|---|---|
| I | Introductions | 6 |
| II | Factual Background | 7 |
| III | Legal Argument | 7 |
| | A. Count I, VI, IX, XVI, XX, XXII under TitleVII should be dismissed | 7 |
| | 1. Defendants do not employ 15 or more employees | 7 |
| | 2. Counts XVI, XX, and XXII should be dismissed as Title VII does not provide for individual liability | 8 |
| | B. Counts III, IV, VII, X, XIII, XV, XVII, XVIII, XXI should be dismissed as waived under the New Jersey Conscientious Employee Protection Act (CEPA) | 8 |
| IV | Conclusion | 9 |

## Table of Authority

**Rules**

*Fed. R. Civ. P. 12(b)(6)* ............................................................................ 6

**Statutes**

*42 USC § 2000e. (b)* ............................................................................. 7

*New Jersey Conscientious Employee Protection Act*, N.J.S.A. 34:19-1 ....... 8

*New Jersey Conscientious Employee Protection Act*, N.J.S.A. 34:19-8 ...... 8

**Cases**

*Ziegler v. Anesthesia Associates of Lancaster, Ltd.* (3rd Cir., 2003) ......... 7

*Ugorji v. N.J. Envtl. Infrastructure Trust* (3rd Cir., 2013) ..................... 8

*Sheridan v. De Nemours*, 100 F.3d 1061 (C.A.3 (Del.), 1996) ................. 8

*Youssef v. Dep't Of Health & Senior Servs.* (3rd Cir., 2011) ................... 8

*Parikh v. UPS* (3rd Cir., 2012) ................................................................... 8

*Young v. Schering Corp.*, 141 N.J. 16, 660 A.2d 1153 (N.J., 1995) ........... 8

*Gallo v. City of Atl. City* (N.J. Super. App. Div., 2013) ........................ 8

LAW OFFICES OF PETER C. LUCAS, LLC
725 Carol Avenue
Post Office Box 490
Oakhurst, New Jersey 07755-0490
P (732) 663-9100
F (732) 663-0029

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Pierre H. Simon,
    Plaintiff,

v.

SHORE CAB, LLC, AFZAL MOHAMED, Individually and in his official capacity; MUSTAQ MOHAMED, individually and in his official capacity; MOHAMMED KHAN, individually and in his official capacity

    Defendants.

Civil Action No.3:13-CV-06290-FLW-LHG

Motion Returnable: 1/21/14

**BRIEF IN SUPPORT OF DEFENDANTS MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P 12(B)(6)**

## I.   Introduction

Plaintiffs initiated the instant twenty-two (22) count complaint asserting claims of discrimination, retaliation and hostile work environment under Title VII, Section 1981, New Jersey Law Against Discrimination and New Jersey Conscientious Employee Protection Act. Defendant files the instant motion for partial dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

II    **FACTUAL BACKGROUND**

At the time of the allegations in the complaint, Plaintiff worked as a taxi driver. Plaintiff paid Shore Cab for dispatch services. Plaintiff worked as a driver from April of 2008 to May of 2012 when Shore Cab terminated their services to Plaintiff because of Plaintiff's failure to abide by the directives of the dispatcher and engaged in harassing behavior. This behavior involved interfering with Shore Cab's radio system, becoming belligerent over the radio, using inappropriate language and saying offensive things about the dispatcher's mother. As result of the incident, citizen cross complaints were filed in municipal court. Said complaints were dismissed.

Plaintiff worked as an independent contractor with his own vehicle. He paid Defendants for dispatch services and the use of Shore Cab's medallion. He did not receive a salary or any other payment from Defendants. During his time working with Shore Cab, Plaintiff never reported any discrimination. Further, Defendants were the same persons that brought Plaintiff on as a driver back in April of 2008. Plaintiff was given the opportunity to reestablish his relationship with Shore Cab by apologizing for his harassing, offensive and disruptive behavior but he refused. Shore Transit has a diverse work force with many ethnicities and religious beliefs.

III    **LEGAL ARGUMENT**

A. **Count I, VI, IX, XVI, XX, XXII under Title VII should be dismissed**

1. **Defendants do not employ 15 or more employees.**

Title VII of the Civil Rights Act of 1964 defines "Employer" as a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks. 42 USC § 2000e. (b); See *Ziegler v. Anesthesia*

7

*Associates of Lancaster, Ltd.* (3rd Cir., 2003); *Ugorji v. N.J. Envtl. Infrastructure Trust* (3rd Cir., 2013) Defendant Shore Cab does not employ fifteen or more employees. See Exhibit A, Certification of Mohammed Khan

### 2. Counts XVI, XX and XXII should be dismissed as Title VII does not provide for individual liability

Counts XVI, XX and XXII allege Intentional Discrimination, Hostile Work Environment and Retaliation against Defendants Afzal Mahamed, Mustaq Mohamed and Mohammed Khan individually in violation of Title VII. Plaintiff's counts against the individual defendants under Title VII should be dismissed as Title VII does not provide for individual liability. See *Sheridan v. De Nemours*, 100 F.3d 1061 (C.A.3 (Del.), 1996); *Youssef v. Dep't Of Health & Senior Servs.* (3rd Cir., 2011); *Parikh v. UPS* (3rd Cir., 2012)

### B. Counts III, IV, VII, X, XIII, XV, XVII, XVIII, XXI should be dismissed as waived under the New Jersey Conscientious Employee Protection Act (CEPA)

The New Jersey Conscientious Employee Protection Act (CEPA) makes it unlawful for employers to take adverse employment action against employees who disclose, object to or refuse to participate in certain actions that the employee reasonably believes are either illegal or in violation of public policy. See New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1.

CEPA further provides that once an action is instituted an employee's rights and remedies under any other, contract, collective bargaining agreement, state law, rule or regulation is waived. N.J.S.A. 34:19-8; *Young v. Schering Corp.*, 141 N.J. 16, 660 A.2d 1153 (N.J., 1995); *Gallo v. City of Atl. City* (N.J. Super. App. Div., 2013)

Plaintiff waived his claims under the New Jersey Law Against Discrimination

8

(NJLAD) and other state laws by instituting an action under CEPA in Count XI of his complaint. Plaintiff's CEPA claims arise out of the same facutal allegations as his NJLAD and other state law claims and seeks the same remedy for the same retaliatory and discriminatory conduct. See Exhibit B, Complaint p. 9

## IV. CONCLUSION

Based upon the foregoing facts and principles of law cited, it is respectfully requested that defendants' Motion to Dismiss Counts I, III, IV, VI, VII, IX, X, XIII, XV, XVI, XVII, XVIII, XX, XXI, XXII of the Complaint be granted.

```
                                    Respectfully Submitted,
                                    LAW OFFICES OF PETER C. LUCAS, LLC
                                    Attorneys for Defendants

                                    By:   /s/ Peter C. Lucas
Dated: December 27, 2013                  PETER C. LUCAS, ESQ.
```